### Jim Gober v. The State.

#### No. 26.   Decided October 20, 1909.

**1.—Local Option—Election Contest Pending.**

Upon trial of a violation of the local option law, the fact that an election contest involving the legality of said law was pending at the time of the prosecution is no defense.

**2.—Same—Charge of Court—Limitation.**

Upon trial of a violation of the local option law pending an election contest, there was no error in the court's charge to the effect that if defendant, within two years from the filing of the pleadings, unlawfully sold intoxicating liquors

in the alleged territory, to find him guilty, as the evidence showed that the sale relied upon by the State occurred after the completion of the publication of the result of the election and before the filing of the complaint, and the time during which the election contest was pending was correctly included.

Appeal from the County Court of Potter. Tried below before the Honorable W. M. Jeter.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*Cooper & Stanford,* for appellant.—On a trial for the violation of local option law where there is evidence raising an issue as to the validity of the law, or any of the steps necessary to be taken to make it effective, it is a question of fact for the jury to determine whether or not the several statutory steps have been taken to make the law effective. Articles 3384-3399, inclusive; Laws of 1907, page 447, being the Act repealing article 3397 of the Revised Civil Statutes and a substitute therefor; Stephens v. State, 50 Texas Crim. Rep., 251, 87 S. W. Rep., 157; Ex parte Kramer, 19 Cr. App., 123; Griffin v. State, 87 S. W. Rep., 155; Ex parte Gill, 48 Texas Crim. Rep., 517, 89 S. W. Rep., 272; Holley v. State, 14 Texas Crim. App., 505.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited Webb v. State, 58 S. W. Rep., 82, on question of court's charge.

DAVIDSON, PRESIDING JUDGE.—This conviction was had for violation of the local option law.

The evidence discloses an election was had in Potter County, which resulted favorably to local option as declared by the Commissioners Court. Contest was brought. to set aside this result for reasons that were alleged by the contestants. An injunction was also granted by the District Court. Upon the trial the injunction was dissolved and the election held valid. An appeal was prosecuted and decided by the Court of Civil Appeals of the 4th District. The judgment of the trial court was reversed for reasons stated in the opinion.

1. It is contended by appellant that a prosecution can not be maintained pending the contest. In the recent case of Ex parte McGuire this court, at its present term, decided this question adversely to appellant's contention.

2. During the trial the court charged the jury that if they should find that appellant, within two years from the filing of the pleading in this case, sold intoxicants in violation of the local option law, they would find him guilty: Exception was reserved to this charge. The main theory upon which this exception is urged

is, that the law could not be in force pending the contest, but for this proposition the charge of the court was in accordance with the rule laid down by this court in the case of Webb v. State, 58 S. W. Rep., 82, for the evidence in this case, as in the Webb case, shows that the sale relied upon by the State occurred after the completion of the publication of the result of the election and before the filing of the pleading charging appellant with the offense. The Webb case, supra, held that such charge, under the circumstances, was not erroneous, and we are of opinion that the Webb case announces the correct rule under the circumstances mentioned. This is not a case where the evidence shows sales both before and after the publication was completed. As before stated, the case of Ex parte McGuire decides the question relied upon by appellant adversely to his views. Therefore, there was no error in the court giving the charge. This is the only question we deem necessary to mention or to discuss.

There being no error authorizing a reversal, the judgment is ordered to be affirmed.

*Affirmed.*

[Rehearing denied December 22, 1909.—Reporter.]